IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                            No.  06-40117-01-SAC

RAFAEL ANTONIO ALVAREZ, JR.,

        Defendant.

MEMORANDUM AND ORDER

This case is before the court on the defendant Rafael Antonio Alvarez's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Dk. 140). The defendant cites the Fair Sentencing Act of 2010 ("FSA") which altered the mandatory minimum penalties for cocaine base offenses and directed the Sentencing Commission to amend the sentencing guidelines. "[T]he Sentencing Commission adopted Amendments 748 and 750 which amended 2D1.1, lowering the offense levels for specified quantities of cocaine base 'in a manner proportionate to the mandatory minimums effectuated by the FSA.'" *United States v. Randle*, 2013 WL 264560 at *1 (10th Cir. Jan. 24, 2013) (quoting *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012)). A later amendment provided for these changes to be retroactive. See U.S.S.G. App. C, Amend. 759.

"The court may not modify a term of imprisonment once it has been imposed except" as provided in 18 U.S.C. § 3582(c). One such

exception is "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," then a court may reduce the sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The first step in this process is to "'determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013) (quoting *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 955 (2011)). The applicable policy statement provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making this determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10 (b)(1).

If the amendments to the cocaine base quantity guidelines had been applicable at the time of the defendant's sentencing, there would have been no change to the sentencing guideline range used at the defendant's sentence. As adopted and incorporated by the court at sentencing, the findings of the Presentence Investigation Report included that Mr. Alvarez was a career offender. This made the provisions of U.S.S.G. § 4B1.1(b)

applicable and established his base offense level at 37 with a three-level reduction for acceptance of responsibility resulting in a total offense level of 34. The court relied on this total offense level and the applicable guideline range in sentencing the defendant. "The Sentencing Commission's policy statement at Guideline § 1B1.10(a)(2)(B) states that a reduction is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if the reduction does not have the effect of lowering the defendant's applicable guideline range." *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (quotations omitted) (cocaine base guideline amendments had no effect on the career offender guideline used to sentence Sharkey). Because the amended cocaine base guideline provisions do not lower the defendant's applicable guideline range, the movant is not entitled to relief on his § 3582(c)(2) motion.

IT IS THEREFORE ORDERED that the defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) (Dk. 140) is denied.

Dated this 7th day of May, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge